IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Guillermo Ceron,                          :
                Appellant                 :
                                          :
       v.                                :
                                          :  No. 1550 C.D. 2024
Delaware County Tax Claim Bureau          :  Submitted: April 13, 2026


BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE LORI A. DUMAS, Judge
              HONORABLE STELLA M. TSAI, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE TSAI                         FILED: July 31, 2026


Appellant Guillermo Ceron (Owner) appeals from the order of the Court of Common Pleas of Delaware County (trial court) denying his petition to set aside the upset tax sale of his property located at 2620 Boyle Street, Chester, Pennsylvania (Property) to Jose Quilli (Purchaser). Before this Court, Owner argues that the Delaware County Tax Claim Bureau (Bureau) failed to comply with the formal notice requirements of the Real Estate Tax Sale Law (RETSL).[1] After careful review, we reverse.

## I. BACKGROUND

On November 29, 2023, Owner filed in the trial court a timely petition to set aside the September 21, 2023 upset tax sale of the Property. In the petition, Owner challenged whether the Bureau complied with the notice requirements of RETSL

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101-5860.803.

and whether the Bureau exercised reasonable efforts to discover Owner's whereabouts to notify him of the scheduled sale. Reproduced Record (R.R.) at 18. Purchaser intervened,[2] and the trial court conducted a hearing on July 23, 2024. *Id.* at 80.

At the hearing, both Owner and Janine Heinlein (Heinlein), the Bureau's Upset Sales Coordinator, provided testimony. *Id.* at 45. Owner testified that he purchased the Property in 2015. *Id.* at 71. On cross-examination, Owner revealed that he resided at the Property until 2017, when his friend Jonathan Rocha (Occupant) moved into the Property. *Id.* at 74. Owner testified that he never received notice that the Property was listed for an upset tax sale. *Id.* at 72.

Heinlein testified that she oversaw the preparation for the sale of the Property and that the Bureau sent a claim for delinquent 2021 taxes to Owner, as the owner of record, on March 21, 2022. *Id.* at 48-49. The delinquent tax amount from the 2021 tax year was a mere $1.80, yet the full claim amount with fees was $96.10 at that time.[3] *Id.* at 29. *Referring to an affidavit in the record,*[4] Heinlein further testified that the Property was physically posted with the claim for delinquent 2021 taxes on December 13, 2022. *Id.* at 50.

---

[2] While Section 607(d) of RETSL, 72 P.S. § 5860.607(d), does not, by right, make the successful bidder a party to objection proceedings of an upset tax sale, a successful bidder may petition to intervene. *Fulton v. Bedford Cnty. Tax Claim Bureau*, 942 A.2d 240, 243 n.5 (Pa. Cmwlth. 2008); *see also In re Tax Sale Held Sept. 10, 2003 by Tax Claim Bureau of Cnty. of Lackawanna*, 859 A.2d 15, 18 n.10 (Pa. Cmwlth. 2004) ("Under Pa. R.C.P. No. 2327(2), a successful bidder would seem an appropriate category of person for intervention.").

[3] By the time of the sale, the total claim amount had increased to $316.26 with fees. R.R. at 33.

[4] The affidavit to which Heinlein referred is signed by Delaware County Deputy Sheriff Kevin Scanlan. R.R. at 30.

Heinlein testified that the notice of sale was sent to Owner at the Property's address via certified mail, restricted delivery. *Id*. at 58. In testifying that this notice was returned to the Bureau as "unclaimed," Heinlein referred to an exhibit in the record that showed that the notice of sale was "returned to the sender" on August 15, 2023. *Id*. at 31. Heinlein stated that, because the letter was returned to the Bureau as unclaimed, the Bureau conducted additional searches. *Id*. at 60. Heinlein testified that the Bureau searched business records, "notes,"[5] the county's Board of Assessment office, the county's Recorder of Deeds office, and the county's Office of Judicial Services, but the searches did not yield any other address or telephone number. *Id*. Heinlein testified that the Bureau located a civil lien, filed against Owner by the Stormwater Authority of the City of Chester on December 17, 2021. *Id*. at 36. The lien listed the Owner's address as the address of the Property. *Id*. at 60. The inclusion of the Property's address on the lien as the Owner's address "confirmed [to the Bureau that it] did have a good mailing address." *Id*.

Citing to the Delaware County Deputy Sheriff's (Deputy Sheriff) August 9, 2023, affidavit, Heinlein testified that the "[P]roperty was posted (with the notice of sale) by the Delaware County [Deputy] Sheriff on August 9[], 2023[,] at 3:05 [p.m]." *Id*. at 59. Also, again citing the affidavit, Heinlein confirmed that the Deputy Sheriff made personal service of the notice of sale on Occupant that day. *Id*. at 60. On cross-examination, however, Heinlein admitted that the Deputy Sheriff neither completed nor signed the section of the affidavit relating to physical posting of the notice on the Property. *Id*. at 64. Heinlein did not testify to having personal knowledge of the posting, and the Deputy Sheriff did not testify.

---

[5] Heinlein later clarified that these "notes" are maintained in the Bureau's system. R.R. at 68.

Heinlein also testified that the Bureau advertised the Property for sale in the Spirit Paper on August 16, 2023; the Philadelphia Inquirer on August 17, 2023; and the Delaware County Legal Journal on August 18, 2023. *Id*. at 56. Heinlein testified that Purchaser was the successful bidder of the Property at the September 2023 upset tax sale. *Id*. at 49.

Owner filed a petition to set aside the upset tax sale. On August 13, 2024, the trial court issued a decision and order denying Owner's petition, having concluded that the Bureau complied with the notice requirements of RETSL. *Id*. at 80. In its order denying the petition to set aside, the trial court reasoned that the Bureau complied with the newspaper publication, mailing, and posting requirements pursuant to RETSL. *Id*. at 82-83. The trial court opined that "Heinlein's credible testimony [and exhibits in the record] confirm that [Deputy] Sheriff Scanlan posted the Property . . . at least ten days prior to the upset tax sale." *Id*. at 82.

## II. ISSUES ON APPEAL

On appeal,[6] Owner presents two issues for our Court's consideration. First, Owner argues that the trial court's finding that the Bureau posted the notice of tax sale on the Property is not supported by substantial evidence. *Id*. Owner also argues that the trial court's finding that the Bureau exercised reasonable efforts to discover Owner's whereabouts to notify him of the scheduled sale is not supported by substantial evidence. *Id*.

---

[6] Our standard of review in tax sale cases is limited to determining whether the trial court abused its discretion, committed an error of law, or rendered a decision not supported by substantial evidence. *Maldonado Norberto v. Schuylkill Cnty. Tax Claim Bureau*, 349 A.3d 1015, 1020 n.4 (Pa. Cmwlth. 2025).

4

## III.   DISCUSSION

We begin with a review of RETSL, which requires three forms of notice to be given to a property owner prior to an upset tax sale: mail, publication, and posting. *Parcella v. Washington Cnty. Tax Claim Bureau*, 10 A.3d 422, 424 (Pa. Cmwlth. 2010).  Section 602(e)(1) of RETSL, 72 P.S. § 5860.602(e)(1), governs the mailing requirement, mandating that the tax claim bureau provide notice of the impending tax sale to each owner at least 30 days before the sale via United States certified mail, restricted delivery, return receipt requested, postage paid.  Section 602(a) of RETSL, 72 P.S. § 5860.602(a), requires the tax claim bureau to publish notice of the upset tax sale in two newspapers "of general circulation in the county" and one legal journal.  Finally, Section 602(e)(3) of RETSL, 72 P.S. § 5860.602(e)(3), mandates that each property scheduled for sale "shall be posted at least ten (10) days prior to the sale  Our Court has previously held that a posted notice on the property must be sufficient "to notify both the owner and the public at large of the pending sale" and must be "seen by the public."  *In re Sale of Real Est. by Montgomery Tax Claim Bureau for 1997 Delinq. Taxes*, 836 A.2d 1037, 1042 (Pa. Cmwlth. 2003).

"In all tax sale cases, the tax claim bureau 'has the burden of proving compliance with the statutory notice provisions.'"  *In re Consol. Reports & Return by Tax Claims Bureau of Northumberland Cnty. of Props.*, 132 A.3d 637, 644 (Pa. Cmwlth. 2016) (en banc) (quoting *Krawec v. Carbon Cnty. Tax Claim Bureau*, 842 A.2d 520, 523 (Pa. Cmwlth. 2004)), *appeal denied*, 141 A.3d 482 (Pa. 2016).  This burden lies with the tax claim bureau, because "[i]f any of the three types of notice is defective, the tax sale is void" and must be set aside.[7]  *Citimortgage, Inc. v. KDR*

---

[7] "[S]trict compliance with the notice requirements of Section 602 [of RETSL] is not required when [a tax claim b]ureau proves that a property owner received actual notice of a pending

*Investments, LLP*, 954 A.2d 755, 758 (Pa. Cmwlth. 2008). Our Court has warned that if RETSL's notice provisions are not strictly construed, "a person [may] be deprived of property without due process." *In re Upset Tax Sale of September 29, 2014*, 163 A.3d 1072, 1074 (Pa. Cmwlth. 2017).

Owner argues that substantial evidence of record does not exist to support the trial court's finding that the Property was posted. More specifically, Owner challenges the trial court's finding that the testimony and evidence "confirm[s] that [Deputy] Sheriff Scanlan posted the Property on August 9, 2023, at least ten days prior to the upset tax sale." Trial Ct. Op. at 3-4.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McClain v. Delaware Cnty. Tax Claim Bureau*, 344 A.3d 1149, 1154 (Pa. 2025) (quoting *Obimak Enter. v. Dep't of Health*, 200 A.3d 119, 126 (Pa. Cmwlth. 2018)). "It is the exclusive province of the trial court, as factfinder, to weigh the evidence, make credibility determinations and to draw reasonable inferences from the evidence presented." *Smith v. Tax Claim Bureau of Pike Cnty.*, 834 A.2d 1247, 1251 (Pa. Cmwlth. 2003). "If the trial court's findings of fact are supported by substantial evidence, we 'may not disturb those findings on appeal.'" *McClain*, 344 A.3d at 1154 (quoting *Smith*, 834 A.2d at 1251).

Here, the record supports with substantial evidence the trial court's factual findings as to two of the three notice requirements under the RETSL, personal service and publication. To show personal service, the Bureau presented the affidavit of the Deputy Sheriff in which he attests to making personal service on Occupant on August 9, 2023, at 3:05 p.m. R.R. at 34. This fact is not in dispute. The Owner also

---

tax sale." *In re Consol. Reports & Return by Tax Claims Bureau of Northumberland Cnty.*, 132 A.3d at 645. In the matter now before this Court, the Bureau does not argue that Owner had actual notice.

does not dispute the trial court's finding that the Bureau satisfied the newspaper publication requirement.

The Owner does dispute, however, whether substantial evidence supports the trial court's finding that the Bureau met the third and final notice requirement under RETSL, that is, posting the notice of sale at the Property. At the hearing, the Bureau's representative, Janine Heinlein, testified that the "[P]roperty was posted by the Delaware County Sheriff on August 9[], 2023, at 3:05 [p.m.]," while referring to the Deputy Sheriff's affidavit. R.R. at 59. The signature block in this affidavit where the Deputy Sheriff would have attested to physical posting was unsigned, a fact that Heinlein acknowledged on cross-examination. *Id*. at 34, 64.

Nonetheless, the trial court found that the Deputy Sheriff posted the notice of sale on the Property on August 9, 2023. Trial Ct. Op. at 3-4. The Court appeared to have based this finding on Heinlein's testimony on direct examination even though it was premised on a section of the affidavit that the Deputy Sheriff left blank and unsigned. Heinlein acknowledged this mistake on cross-examination when she agreed that the Deputy Sheriff never completed or signed the portion of the Tax Sale Notice Affidavit to verify that the notice of the sale was posted at the Property. We discern no other evidence in the record, such as testimony from the Deputy Sheriff or any other individual with personal knowledge that could attest to the posting at the Property. When the record is read as a whole, we are constrained to conclude that the evidence does not support a finding that the Bureau posted the notice of sale on the Property, as required by Section 602(e)(3) of RETSL.

Based upon the evidence of record, we conclude that the trial court's finding that the "[P]roperty was posted . . . on August 9, 2023" is not supported by substantial evidence. *See* Trial Ct. Op. at 3-4.

7

## IV. CONCLUSION

As the trial court's finding that the notice was posted on the Property is not supported by evidence of record, we must conclude that the Bureau did not meet its burden of proving that it had complied with the notice provision in Section 602(e)(3) of RETSL.[8]  Accordingly, we reverse the trial court's order and remand this matter for entry of an order setting aside the tax sale.


_____
STELLA M. TSAI, Judge

---

[8] The Bureau's failure to meet its burden of showing compliance with the notice provision in Section 602(e)(3) of RETSL is dispositive of this appeal.  For this reason, it is not necessary for this Court to address the Owner's second issue, that is, whether substantial evidence supports a finding that the Bureau exercised reasonable efforts to discover Owner's whereabouts to notify him of the scheduled sale.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Guillermo Ceron,                   :
             Appellant       :
                                 :
          v.                   :
                                 :
Delaware County Tax Claim Bureau  :    No. 1550 C.D. 2024

## **O R D E R**

AND NOW, this 31st day of July, 2026, the order of the Court of Common Pleas of Delaware County is hereby REVERSED, and the above-captioned matter is REMANDED for an entry of an order setting aside the tax sale.

Jurisdiction relinquished.

 

_____
STELLA M. TSAI, Judge